BARRON MOTOR, INC., Appellee, v. MAY'S DRUG STORES, INC., Appellant.

No. 44737.

APRIL 2, 1940.

W. J. Barngrover, for appellee.

R. S. Milner and A. W. Bass, for appellant.

SAGER, J.—Plaintiff is a corporation having its principal

place of business at Cedar Rapids. It is a wholesaler of automobile specialties and equipment. It has a contract with the Du Pont company by which it is authorized to market an anti-freeze preparation trade-marked "Zerone", a well-advertised and established article of its kind. By its contract, the plaintiff was required to market the product in containers on which it was indicated that it was to be sold at $1 per gallon or 25 cents per quart. Appellee had a large and well-established business in Zerone in what it designated as the Cedar Rapids and Eastern territory. The nearest competing dealer in the same product was at Waterloo. There was no definite boundary between the two agencies, a fact upon which appellant lays some stress but which we do not deem important.

It appears that plaintiff had about 400 dealers or customers in its field of operation. These were dealers to whom plaintiff sold Zerone at 60 cents in gallon lots and at 65 cents per gallon, when sold in quart packages. These retailers undertook to, and, as far as the evidence shows, did, sell at the price stated on the containers. That plaintiff had a large business in this product is evidenced by the fact that in the season of 1936 it marketed about 32,000 gallons. In October of that year it became known to plaintiff that the defendant was advertising and selling Zerone at 69 cents per gallon with such effect that some of plaintiff's dealers ceased buying, and others threatened to do so, with the result that, if continued, plaintiff's market would be demoralized. Appellee says that the defendant's practice of "price cutting" is that adopted by chain stores to the destruction of manufacturers' good will and is a "fraud upon the public." Defendant, with equal solicitude for the public, responds that the plaintiff's prices hold up and are an "imposition on the public." Whatever the right of the matter may be in that regard, we need not decide.

The evidence discloses that plaintiff was established as an authorized dealer of a well-known article in a large and profitable field. It was marketing a trade-marked article within the provisions of chapter 431-G1, Code 1935. How defendant procured the Zerone it was selling is not clear except that it was regularly sold by Du Pont to a Chicago dealer. Defendant does not deny in evidence that it was in fact selling and advertising the product as charged. After notice to desist had been served,

appellant's president made it clear that he had no intention of discontinuing the practice. The testimony of Bowers, a representative of the Du Pont company, relates this conversation with defendant's president:

"In the conversation with Mr. Gelb, I told him he should raise the price of Zerone to one dollar and that he was demoralizing and hurting the business of the Barron Motor Company and of Du Pont. I reminded him of the fair trade act and he told me that neither Du Pont nor Barron could tell him what to charge for his goods or how to run his business."

Appellant seeks to avoid the effect of what clearly appears to be unfair trading by the charge that plaintiff does not come into court with clean hands—this because Zerone was not being sold "in fair and open competition with commodities of the same general class produced by others," as provided by section 9884-g1, Code 1935. This is predicated upon the refusal on the part of plaintiff to sell to defendant at all, or at less than $1 per gallon which amounted to the same thing. There is some uncertainty in the record as to whether there was one conversation or two between the presidents of defendant and plaintiff on this subject, in which Barron refused to sell. But we do not regard this important. We are not called on to discuss the charges made by plaintiff as to the vicious practice of chain stores in general, and the defendant in particular. A reading of the record compels the conclusion that the trial court was right. The defendant was not a dealer in good faith of Zerone and made no offer to comply with the restrictions by which it was marketed by the Du Pont company. The effect, if not the purpose, of selling at 69 cents per gallon was to destroy an established business. Under the circumstances here disclosed, we are satisfied that the alleged attempt to buy was not a good faith effort to go into the business of retailing this product, but an attempt to establish a base of defense in the legal battle that threatened to ensue.

Appellant argues that it bought its stock of Zerone before notice to desist was received. It cites a New Jersey case under a statute which makes a similar law applicable only to such products as were acquired after notice of the price fixed. Our statute contains no such provision. Moreover when plaintiff's

representative offered to buy defendant's stock of Zerone, it refused to sell. At no time did defendant base its refusal on the claim that it wished to continue as a bona fide retailer of this product. The refusal was based on the alleged right to sell to whom it pleases. Without deciding generally on how far a dealer may go in selling to whom he pleases, we do hold that under this record plaintiff was under no obligation to sell to the defendant. We take notice of appellant's request that the decree be modified in the event of an affirmance, but we do not feel called upon to make any such modification.

Finding no error in the trial court's decree, it is affirmed. —Affirmed.

HAMILTON, C. J., and MILLER, OLIVER, HALE, BLISS, MITCHELL, and RICHARDS, JJ., concur.